Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Suite 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
BRITTANY MacDONALD

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRITTANY MacDONALD,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, A Public Corporation and Governmental Entity, *et al.*,<br><br>Defendants | Case No. 3:22-CV-01942-IM<br><br>**NOTICE OF NEW AUTHORITY** |

I, RAY D. HACKE, hereby declare as follows:

1.      I am the attorney of record for Plaintiff BRITTANY MacDONALD in the above-captioned action.  I am fully qualified to practice and in good standing in this jurisdiction.  I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify competently thereto.

2.      I hereby submit this Notice of New Authority in opposition to Defendant OREGON HEALTH & SCIENCE UNIVERSITY's ("OHSU") Motion to Dismiss (the "Motion"), filed on March 10, 2023.  Dkt. Rpt. No. 22.

1

3. On July 21, 2023, more than two months after oral argument took place concerning OHSU's Motion before this court on May 9, 2023 and nearly two months after the parties to this case filed their respective supplemental briefs in this proceeding, as allowed by this Court, following said oral argument, Judge Kasubhai of this Court's Eugene Division issued his decision denying a healthcare employer's motion to dismiss in *Johnson v. St. Charles Health System, Inc.,* 6:23-CV-00070-MK. A copy of that decision is attached hereto as **Exhibit "A."**

4. The *Johnson* decision declares that "there is nothing in the record thus far to show that allowing Plaintiff to adhere to her proposed accommodations – allowing Plaintiff to remain unvaccinated and engaging instead in frequent testing and using additional or enhanced protective equipment – while continuing to work as a relief nurse would constitute an undue hardship by resulting in substantial increased costs in relation to the conduct of Defendant's business." *See* Ex. "A" [citing *Groff v. DeJoy*, 143 S. Ct. 2279 (2023) and *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993)].

5. *Johnson*, the Court should note, involved a nurse who interacted with patients while unvaccinated, just as this case does.

6. In both *Johnson* and this case, a nurse requested a religious accommodation and was willing to participate in extra health and safety practices to protect patients and other healthcare workers.

7. While the request was accepted in *Johnson* whereas it was denied in this case, the end result of the nurse's employment being terminated for her beliefs remains the same.

8. In both cases, the plaintiffs held sincere religious beliefs that could have been accommodated without undue hardship to their employers and are entitled to legal remedy for the discrimination they suffered.

9. Based on the foregoing, in light of the Court's decision in *Johnson*, I hereby ask the Court to deny OHSU's Motion.

I declare under penalty of perjury of the laws of the United States of America and the State of Oregon that the foregoing is true and correct, and that this declaration was executed on August 17, 2023, in Salem, Oregon.

                ___/s/ RAY D. HACKE_
                    Ray D. Hacke

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 317 Court St. NE, Suite 202, Salem, OR 97301.

On or about August 17, 2023, I served the following documents on the interested parties by the methods indicated below:

**NOTICE OF NEW AUTHORITY**

## PLEASE SEE ATTACHED SERVICE LIST

_____ BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with either the U.S. postal service or another carrier on approximately that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

 X    BY ELECTRONIC MAIL: I caused such documents to be served on the interested parties via the Court's Electronic Case Filing system and via electronic mail.

_____ (State) I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.

  X     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 17, 2023, at Salem, Oregon.

*/s/ LAUREN PEFFERLE*
Lauren Pefferle

# **SERVICE LIST**

Alex Van Rysselberghe
E-mail: alex.vanrysselberghe@stoel.com
Tom R. Johnson
E-mail: tom.johnson@stoel.com
Brenda K. Baumgart
E-mail: brenda.baumgart@stoel.com
Stoel Rives, LLP
760 S.W. Ninth Ave., Ste. 3000
Portland, OR 97205

# EXHIBIT "A"

1

**TARA LYNN JOHNSON, Plaintiff,
v.
ST. CHARLES HEALTH SYSTEM, INC.,
Defendant.**

**No. 6:23-cv-00070-MK**

**United States District Court, D. Oregon, Eugene Division**

**July 21, 2023**

### FINDINGS AND RECOMMENDATION

MUSTAFA T. KASUBHAI UNITED STATES MAGISTRATE JUDGE

Plaintiff Tara Lynn Johnson ("Plaintiff") filed this action against former employer St. Charles Health System ("Defendant") alleging state and federal law claims of employment discrimination. Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). ECF No. 12. Plaintiff did not file a response. For the reasons below, Defendant's motion should be denied.

### BACKGROUND

Plaintiff worked as a relief staff registered nurse in the surgical and COVID units of Defendant's largest hospital in Bend, Oregon. ECF No. 1 at ¶ 4 ("Compl."). On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority ("OHA") subsequently determined that weekly testing would not be sufficiently effective in addressing patient and coworker safety risks, and the mandate was changed to require that all health care workers be fully

2

vaccinated. In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate in accord with the mandate. Compl. at ¶ 10. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 142 S.Ct. 647, 652 (2022).

Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers. Plaintiff, a "lifelong practicing" Christian, did not believe it was consistent with her faith to take the vaccine. Compl. at ¶ 10; ECF No. 14 at 7. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about September 22, 2021. *Id.* Plaintiff's application proposed the accommodations of "screening for illness prior to each shift, frequent Covid-19 testing, [and] additional or enhanced protective gowns, masks, face shields, gloves, or other equipment beyond what may generally be provided to employees returning to the workplace." ECF No. 14 at 7. Plaintiff's application was granted, and she was placed on unpaid administrative leave on October 18, 2021. *Id.* at ¶¶ 11-12. Plaintiff's employment was ultimately terminated. *Id.* Plaintiff filed this action on January 17, 2023, alleging state and federal law claims of employment discrimination based on religious faith.

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company,*

3

869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations,



the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**DISCUSSION**

Plaintiff's Complaint alleges that Defendant engaged in unlawful employment discrimination based on religion under Title VII of the Civil Rights Act and ORS § 659A.030 by failing to accommodate his religious exemption request. ECF No. 1. at ¶¶ 19-28. ORS § 659A.030 provides that it is an unlawful employment practice for an employer to discriminate

against an individual in the terms and conditions of employment because of a person's race or religion, among other things. ORS § 659A.030(1)(a). Claims brought under this statute are analyzed under the same framework as claims brought under Title VII: by applying the *McDonnell-Douglas* burden shifting framework. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011); *Henderson v. Jantzen, Inc.*, 79 Or.App. 654, 657 (1986).

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.,* 358 F.3d 599, 606 (9th Cir. 2004). Where an employee requests a religious accommodation, she must plead sufficient facts to show the need for an accommodation also stems from a bona fide religious belief. *Tiano v. Dillard Dep't. Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998).

In *Trans World Airlines, Inc. v. Hardison*, the Supreme Court suggested that, under Title VII, an employer is not required to accept any requested religious accommodation that imposes more than a de minimus cost to the employer. 432 U.S. 63, 84 n. 15 (1977); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993). In *Groff v. DeJoy*, 600 U.S. (2023), the Supreme Court clarified its holding in *Hardison*, finding that Title VII requires an employer that denies a religious accommodation to show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business. *Id.* at 4-21. In the Ninth Circuit, the circumstances under which a particular accommodation may cause undue hardship must be made in the particular factual context of each case. *American Postal Workers Union, San Francisco Local v. Postmaster General,*



781 F.2d 772 (9th Cir. 1986).

The Oregon Health Authority's administrative rule regarding vaccination requirements for healthcare providers and healthcare staff in healthcare settings, first adopted in August 2021, requires employers to take steps to ensure unvaccinated employees do not increase safety risks. OAR § 333-019-1010(4). Specifically, that rule[1] provides:

> Employers of healthcare providers or healthcare staff, contractors and responsible parties who grant a medical or religious exception to the vaccination requirement in this rule must take reasonable steps to ensure that unvaccinated healthcare providers and healthcare staff are protected from contracting and spreading COVID-19.

*Id*. Plaintiff qualifies as a "healthcare provider" and her employer, the Defendant, was therefore subject to the requirements of OAR § 333-019-1010(4). Plaintiff's proposed alternative protective measures of masking, social distancing, and testing would have therefore required Defendant to adopt measures to monitor Plaintiff's compliance pursuant to OAR § 333-0191010(4).

Defendant argues that Plaintiff's claims for relief should be dismissed because adopting such measures to monitor Plaintiff's compliance with her suggested accommodations would have posed more than a de minimus hardship as a matter of law, and that therefore Plaintiff cannot state a claim for religious discrimination under state or federal law.[2] Applying the standard for Title VII claims for religious accommodation articulated in *Groff*, the Court disagrees. 600 U.S. at 4-21. Here, there is nothing in the record thus far to show that allowing

6

Plaintiff to adhere to her proposed accommodations - allowing Plaintiff to remain unvaccinated and engaging instead in frequent testing and using additional or enhanced protective equipment -while continuing to work as a relief nurse would constitute an undue hardship by resulting in substantial increased costs in relation to the conduct of Defendant's business. *Groff*, 600 U.S. at 4-21; *see also Heller*, 8 F.3d at 1440. The Court finds that Plaintiff has pled sufficient facts to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. For these reasons, Defendant's motion to dismiss should be denied.

**RECOMMENDATION**

For the reasons above, Defendant's motion (ECF No. 12) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed.R.Civ.P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---------

Notes:

[1] The Court takes notice of the OARs and of the state and federal vaccine mandates because "these documents are made publicly available by government entities and their authenticity is not disputed." *Vasquez v. Walters*, 555 F.Supp.3d 1034, 1036 n. 2 (D. Or. 2021) (internal quotation marks and citations omitted).

[2] Defendant takes no position on whether Plaintiff's accommodation request stemmed from a bona fide religious belief.



---------

